# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>　　　　Federal Defendants and<br><br>OCOTILLO EXPRESS LLC,<br><br>　　　　Defendant-Intervenor. | CASE NO. 12cv1167-GPC(PCL)<br><br>**ORDER DENYING DEFENDANT-INTERVENOR OCOTILLO'S MOTION TO SUPPLEMENT THE RECORD**<br><br>[Dkt. No. 78.] |

On September 19, 2012, Defendant-Intervenor Ocotillo filed a motion to supplement the administrative record. (Dkt. No. 78.) On October 15, 2012, Federal Defendants filed an opposition. (Dkt. No. 93.) Ocotillo filed a reply on October 22, 2012. (Dkt No. 96.) Based on the reasoning below, the Court DENIES Defendant-Intervenor's motion to supplement the record.

## Background

Defendant-Intervenor Ocotillo filed a motion to supplement the administrative record with two letters ("Letters") from the federal Advisory Council on Historic Preservation ("ACHP") to two Indian Tribes. (Dkt. No. 78-2, Brandt-Erichsen Decl., Exs. 1, 2.) According to the first amended complaint,

Plaintiff challenges the Bureau of Land Management's ("BLM") compliance with Section 106 of the National Historic Preservation Act ("NHPA"). The ACHP, a federal agency charged by Congress with administering and implementing the NHPA accepted BLM's invitation to participate in developing the Memorandum of Agreement ("MOA") between the parties to address the potential for adverse effects on cultural properties as defined by the NHPA. (Dkt. No. 73, Administrative Record ("AR") at 0001650, 0028348.) During the consultative process regarding the MOA, Plaintiff Quechan and another Indian tribe, Viejas Band of Kumeyaay Indians ("Viejas") expressed concerns regarding BLM's compliance with Section 106. (Id. at 0024891-0024896; 0024973-0024975; 0023984-0023990.) On April 24, 2012, the ACHP requested that the BLM address these concerns. (Id. at 0023821-0023931.) On May 4, 2012, BLM provided a detailed response to each of ACHP's inquiry. (Id. at 0023821-0023834.) As a result, ACHP signed the MOA on May 8, 2012. (Id. at 0023944.)

On June 7, 2012, the ACHP sent Letters to Quechan and Viejas informing the tribes it had signed the MOA and provided an explanation for signing the MOA. Since the Federal Defendants filed the certified administrative record on September 7, 2012, these letters were not included in the administrative record. (Dkt. No. 73.)

**Discussion**

Ocotillo argues that the Letters should be admitted under the exception to the general rule that judicial review is limited to the administrative record because the Letters explain the ACHP's reasons for signing the MOA. Federal Defendants object arguing that the Court's review is limited to the administrative record and the Letters are post-decisional materials that should be rejected.

Generally, judicial review of an agency action is limited to a review of the administrative record in existence at the time of the agency's decision. Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000). "[T]he focal point of judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). Parties may not use "post-decision information as a new rationalization either for sustaining or attacking the Agency's decision." Ctr. For Biological Diversity v. U.S. Fish & Wildlife Serv., 450 F.3d 930, 942 (9th Cir. 2006) (citation omitted).

1    The Ninth Circuit recognizes certain narrow exceptions to this general rule. "In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005) (quotation omitted). "Though widely accepted, these exception are narrowly construed and applied." Id.

The Ninth Circuit "normally refuse[s] to consider evidence that was not before the agency because 'it inevitably leads the reviewing court to substitute its judgment for that of the agency.'" Ctr. for Biological Diversity, 450 F.3d at 943. " When an agency's inquiry is inadequate, we generally 'remand the matter to the agency for further consideration." Id.

A court may consider evidence outside the administrative record as necessary to explain agency action. Asarco, Inc. v. United States E.P.A., 616 F.2d 1153, 1159 (9th Cir. 1980). When there is "such a failure to explain administrative action as to frustrate effective judicial review," the court may "obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary." Public Power Council v. Johnson, 674 F.2d 791, 793–94 (9th Cir. 1982) (citation omitted). The district court has discretion as to whether to admit extra-record evidence. Friends of the Payette v. Horseshoe Bend Hydroelectric Co., 988 F.2d 989, 997 (9th Cir. 1993).

Based on the review of the content of the Letters, the Court concludes they are not helpful in determining whether the agency has considered all relevant factors. The Court notes that the facts and documents referenced in the Letters are already in the administrative record. In particular, the letter from the BLM to ACHP provides a detailed response to the Tribes' concerns which are summarily addressed in the Letters. (See AR at 0023821-0023834.) The Letters "might have supplied a fuller record, but otherwise does not address issues not already there." See Hintz, 800 F.2d at 829. Accordingly, the Court DENIES Defendant-Intervenor's motion to supplement the record.

////

**Conclusion**

Based on the above, the Court DENIES Defendant-Intervenor's motion to supplement the record.

IT IS SO ORDERED.

DATED: November 14, 2012

_____
HON. GONZALO P. CURIEL
United States District Judge