1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 QUECHAN TRIBE OF THE FORT YUMA<br>INDIAN RESERVATION, | CASE NO. 12cv1167-GPC(PCL) |
| 12 | |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S** |
| 13 vs. | **MOTION TO SUPPLEMENT THE**<br>**ADMINISTRATIVE RECORD** |
| 14 | **AND REQUEST FOR JUDICIAL**<br>**NOTICE** |
| 15 UNITED STATES DEPARTMENT OF THE<br>INTERIOR, et al., | [Dkt. Nos. 81, 82.] |
| 16 | |
| Federal Defendants and | |
| 17 | |
| 18 OCOTILLO EXPRESS LLC, | |
| 19 Defendant-Intervenor. | |

20

21       On September 24, 2012, simultaneously with filing its motion for summary judgment, Plaintiff

22 filed a request for judicial notice, or in the alternative, motion to supplement the administrative record.

23 (Dkt. Nos. 81, 82.) On October 15, 2012, Federal Defendants and Defendant-Intervenor Ocotillo filed

24 an opposition to the motion to supplement the record.  (Dkt. Nos. 90, 91.)  On October 26, 2012,

25 Federal Defendants and Ocotillo filed an opposition to the request for judicial notice.  (Dkt. Nos. 92,

26 94.)  No reply has been filed.  Based on the reasoning below, the Court DENIES Plaintiff's motion to

27 supplement the administrative record and request for judicial notice.

28

**Background**

On May 14, 2012, Plaintiff filed a complaint against Federal Defendants challenging the May 11, 2012 Record of Decision ("ROD") approving the Ocotillo Wind Energy Facility Project ("OWEF"), a utility-scale wind power project in the Sonoran Desert in Imperial County, California. (Dkt. No. 1.) On May 15, 2012, the Court granted Ocotillo Express LLC's motion to intervene. (Dkt. No. 25.)  On May 22, 2012, the Court denied without prejudice Plaintiff's *ex parte* motion for temporary restraining order and order to show cause why preliminary injunction should not issue. (Dkt. No. 48.)  On September 7, 2012, Federal Defendants filed a notice of filing a copy of the administrative record.  (Dkt. No. 73.)

On August 31, 2012, Plaintiff filed a first amended complaint which added causes of action concerning events subsequent to the ROD.  (Dkt. No. 70.)  On September 24, 2012, Plaintiff filed a motion for summary judgment.  (Dkt. No. 80.)  Simultaneously, Plaintiff also filed a request for judicial notice, or in the alternative, a motion to supplement the administrative record as to the same documents. (Dkt. No. 82.) The Court deems it appropriate to consider the documents under Plaintiff's motion to supplement the record, not a request for judicial notice.

Plaintiff moves to supplement the record with Exhibits 1-9 of the Declaration of Thane D. Somerville (Dkt. No. 80-3); Exhibits 1-7 of the Declaration of John Bathke (Dkt No. 80-4); and the Declaration of John Bathke (Dkt. No. 80-4).  Federal Defendants and Defendant-Intervenor oppose both motions on the merits.  Federal Defendants also assert that the motion to supplement as to the post-ROD documents is premature as they are in the process of compiling a post-ROD implementation record to address the post-ROD claims in the first amended complaint.  Therefore, since some of the documents Plaintiff seeks to add may be in the Defendants' record, the motion to supplement may become moot.

**Discussion**

Generally, judicial review of an agency action is limited to a review of the administrative record in existence at the time of the agency's decision.  Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000).  "[T]he focal point of judicial review should be the administrative record already in existence, not some

new record made initially in the reviewing court." <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973). Parties may not use "post-decision information as a new rationalization either for sustaining or attacking the Agency's decision." <u>Ctr. For Biological Diversity v. U.S. Fish & Wildlife Serv.</u>, 450 F.3d 930, 942 (9th Cir. 2006) (citation omitted).

The Ninth Circuit recognizes certain narrow exceptions to this general rule. "In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" <u>Lands Council v. Powell</u>, 395 F.3d 1019, 1030 (9th Cir. 2005) (quotation omitted). "Though widely accepted, these exceptions are narrowly construed and applied." <u>Id.</u> The moving party has the burden of demonstrating that an exception applies. <u>See Animal Defense Council v. Hodel</u>, 840 F.2d 1432, 1436-38 (9th Cir. 1988).

The Ninth Circuit "normally refuse[s] to consider evidence that was not before the agency because 'it inevitably leads the reviewing court to substitute its judgment for that of the agency.'" <u>Ctr. for Biological Diversity</u>, 450 F.3d at 943. " When an agency's inquiry is inadequate, we generally 'remand the matter to the agency for further consideration." <u>Id.</u>

A court may consider evidence outside the administrative record as necessary to explain agency action. <u>Asarco, Inc. v. United States E.P.A.</u>, 616 F.2d 1153, 1159 (9th Cir. 1980). When there is "such a failure to explain administrative action as to frustrate effective judicial review," the court may "obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary." <u>Public Power Council v. Johnson</u>, 674 F.2d 791, 793–94 (9th Cir. 1982) (citation omitted). The district court has discretion as to whether to admit extra-record evidence. <u>Friends of the Payette v. Horseshoe Bend Hydroelectric Co.</u>, 988 F.2d 989, 997 (9th Cir. 1993).

## I.    Pre-ROD Documents

### A.    Somerville Exhibit 1

Exhibit 1 contain excerpts from the Department of the Interior's ("Interior") Draft EIS and

1   CDCA Plan Amendment from the Ocotillo Solar Project in April 2012.  (Dkt. No. 80-3.)  Plaintiff

2   argues that the exhibit is admissible to show that Interior arbitrarily failed to apply the Class III Visual

3   Resource Management Classification ("VRM") to the OWEF Project and the Class L lands that are

4   within the project area.  In opposition, Ocotillo argues that the excerpts are from a draft EIS from a

5   wholly different Project and does not show that the BLM did not consider relevant factors.  Federal

6   Defendants also assert that Plaintiff is incorrectly attempting to make generalizations about VRM

7   classifications on Class L lands in the CDCA.  They allege that VRM classifications are project-driven.

8       Besides making a conclusory statement that Defendants failed to consider a relevant factor,

9   Plaintiff does not provide specifics facts or legal authority why such extra-record documents should

10  be admitted.  Ocotillo argues that the administrative record includes all the materials that the BLM

11  considered in deciding to assign VRM Class IV at OWEF.  The Court's review will be to determine

12  whether BLM's decision to manage OWED under VRM Class IV guidelines was appropriate.

13  Accordingly, the Court DENIES Plaintiff's motion to supplement the record with this exhibit.

14          **B.       Somerville Exhibits 2, 3, 4, 5, and 9**

15      Exhibits 2, 3, 4, 5, and 9 of the Somerville Declaration are documents concerning other

16  renewable projects that show that Defendants failed to adequately consider the significant

17  environmental and cultural impact associated with simultaneous development of numerous utility-scale

18  renewable energy projects in the CDCA.

19      Federal Defendants and Ocotillo argue that the cumulative impact considerations were

20  considered and documented in the administrative record and Plaintiff has not shown how the agency

21  did not consider a relevant factor regarding projects potentially thousands of miles from the OWEF.

22      Agencies have "discretion to determine the physical scope used for measuring environmental

23  impacts" so long as they do not act arbitrarily and their "choice of analysis scale . . . represent[s] a

24  reasoned decision."  WildWest Institute v. Bull, 547 F.3d 1162, 1173 (9th Cir. 2008) (quoting Idaho

25  Sporting Cong., Inc. v. Rittenhouse, 305 F.3d 957, 973 (9th Cir.2002).  However, the "choice of

26  analysis scale must represent a reasoned decision and cannot be arbitrary."  Idaho Sporting Cong., Inc.,

27  305 F.3d at 973.

28      The Court's review will be to determine whether BLM's choice of analysis boundary was

reasonable.  As Ocotillo points out, Plaintiff does not address why these documents that pre-date the ROD were not presented during the public comment process.  Plaintiff may not supplement the administrative record with post-ROD documents as a new rationalization for attacking the Agency's decision.  See Ctr. For Biological Diversity, 450 F.3d at 942.  Accordingly, the Court DENIES Plaintiff's motion to supplement the administrative record as to these exhibits.

### C.   Somerville Exhibits 6 and 7

Exhibit 6 is a news article dated April 24, 2012 from the Los Angeles Times where the Secretary of the Interior Ken Salazar is quoted as stating that "the government is 'on steroids' in its support for renewable energy."  Exhibit 7 is a July 14, 2011 news article where Salazar is quoted as describing "his department's approach to renewables as so aggressive that it's 'on steroids.'"

Plaintiff argues that these exhibits are admissible as evidence of the Interior's bad faith in the proceeding because it engaged in a pattern of rushing to approve large-scale renewable energy projects in the California desert at the expense of all other resources required to be protected under federal laws, applicable regulations and land use plans.

The Court may look beyond the administrative record when Plaintiff makes a showing of agency bad faith.  See Lands Council v. Powell, 395 F.3d at 1030.  There must be a "strong showing of bad faith or improper behavior before the court may inquire into the thought processes of administrative decisionmakers." Public Power Council v. Johnson, 674 F.2d 791, 795 (9th Cir. 1982).

The newspaper articles, themselves, do not demonstrate a strong showing of bad faith or improper behavior.  In fact, it could be argued that the newspaper article dated July 14, 2011 demonstrate that the BLM acted in good faith as the article states the BLM took into consideration the environmental and efficiency issues and stated it had delayed the project so it could review more than 80,000 comments on the proposal.  The Court concludes that the news articles do not fall under the "bad faith" exception to supplementing the administrative record.  The Court DENIES Plaintiff's motion to supplement the record with these two news articles.

### D.   Bathke Exhibit 1

Exhibit 1 are two maps provided to Bathke from BLM during the administrative process. Plaintiff states it unclear why they are not included in the administrative record as they are directly

relevant and should have been considered by Interior.  Federal Defendants state that they are in the process of reviewing the numerous documents that Plaintiffs wants added to the administrative record including these maps.  Ocotillo does not oppose this request stating that these maps should have been included in the record.  Accordingly, the Court DENIES without prejudice Plaintiff's motion to supplement the administrative record until the Federal Defendants have completed their review as to these maps.

### E.    Bathke Declaration

Plaintiff asserts that Paragraphs 1-29, 31, 39-41 and 45-48 of the Bathke Declaration are offered and admissible to support Plaintiff's standing in the proceedings.  Federal Defendants do not oppose these paragraphs to the extent they are relied on to establish standing.  Ocotillo opposes the paragraphs as duplicative as a similar declaration was filed on May 15, 2012. (Dkt. No. 9-2.)  To the extent that Plaintiff seeks to use Bathke's declaration to establish standing, the Court DENIES the request as duplicative to the Bathke declaration filed on May 15, 2012.

Paragraphs 32-38 are offered to rebut Defendants' assertion that development of the OWEF project will result in "no direct impact" to archaeological sites or resources and are admissible to show that Defendants failed to fully consider whether the project would result in impact to such resources.  Paragraphs 30, 42-44, and 49-54 are offered to rebut Defendants' assertion that consultation with the Quechan Tribe occurred.

Plaintiff seeks to offer these substantive statements to supplement the administrative record without providing reasons or legal authority why they should be allowed under any exception.  Accordingly, the Court DENIES Plaintiff's motion to supplement as to the Declaration of John Bathke.

## II.    Post-ROD Implementation Documents

### A.    Somerville Ex. 8

Exhibit 8 is a permit for archaeological investigation issued by the Department of the Interior on July 10, 2012.  Plaintiff argues this document shows that there was no permit in place to authorize excavation and removal of archaeological material until July 10, 2012.

### B.    Bathke Exhibits 2-7

Exhibits 2-7 are Bi-Weekly Archaeological Summary Reports prepared by Tierra

[12cv1167-GPC(PCL)]

1   Environmental from May 15, 2012 through August 6, 2012.  The reports show that 37 new

2   archaeological sites have been discovered since construction of the project began and some of the sites

3   are located within direct impact areas.  Plaintiff contend that these exhibits show that Defendants failed

4   to adequately identify affected cultural resources prior to approving the undertaking as required by

5   Section 106 of NHPA.

6       **C.   Bathke Declaration**

7       Paragraphs 55-60 of the Bathke Declaration concerns the post-ROD claims.

8       Federal Defendants argue that the motion to supplement with post-ROD implementation

9   documents as provided in Exhibit 8 of Somerville Declaration; Exhibits 2-7 of Bathke Declaration and

10  paragraphs 55-60 of the Bathke Declaration is premature because they are in the process of compiling

11  a post-ROD implementation record.  Federal Defendants' post-ROD implementation record may

12  include documents that Plaintiff propose to admit.  Therefore, some of the documents in Plaintiff's

13  motion to supplement may be mooted.  Similarly, Ocotillo contends that once the BLM provides its

14  post-decision administrative record, it will show that archaeologists had a permit in place in May 2012.

15   The Court agrees that the motion to supplement with the post-ROD implementation records is

16  premature and the parties should wait until the Federal Defendants file the post-ROD record.  Once

17  they file the post-ROD record, Plaintiff may file a motion to supplement the record.

18      To the extent that Plaintiff seeks to supplement the record with these post-ROD documents to

19  challenge  the Interior's decision on May 11, 2012, both Federal Defendants and Ocotillo argue that

20  these post-ROD documents may not supplement the record.  The Court agrees.  Plaintiff may not use

21  "post-decision information as a new rationalization either for sustaining or attacking the Agency's

22  decision."  Ass'n of Pac. Fisheries v. EPA, 615 F.2d 794, 811-12 (9th Cir. 1980).  Accordingly, the

23  Court DENIES Plaintiff's motion to supplement the record as to post-ROD implementation documents

24  listed above to challenge the Interior's decision on May 11, 2012.

25       **Conclusion**

26      Based on the above, the Court DENIES Plaintiff's motion to supplement the records with all

27  the documents, except Exhibit 1 to the Bathke Declaration, to the extent they seek to challenge the

28  Secretary of the Interior's decision on May 11, 2012.  Federal Defendant shall notify the Court as to

the status of Exhibit 1 of the Bathke Declaration when they lodge with the Court the post-ROD activities record on or before **November 26, 2012.**  The Court DENIES Plaintiff's motion to supplement the post-ROD implementation record as premature.  Once the Federal Defendants file the post-ROD implementation record, Plaintiff may refile its motion to supplement the post-ROD implementation record as to the new claims alleged in the first amended complaint  when it files its reply to its motion for summary judgment.  The Court also DENIES Plaintiff's request for judicial notice.

IT IS SO ORDERED.


DATED:  November 15, 2012

HON. GONZALO P. CURIEL
United States District Judge

[12cv1167-GPC(PCL)]